# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WENDY R. DAVENPORT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-14-132-KEW |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Plaintiff Wendy R. Davenport (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and the case is REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

## Claimant's Background

Claimant was born on June 15, 1979 and was 34 years old at the time of the ALJ's decision. Claimant completed her high school education. Claimant has worked in the past as an assistant manager, case manager, and mental health technician. Claimant alleges an inability to work beginning December 7, 2010 due to limitations resulting from abdominal problems and mental health issues.

## Procedural History

On January 3, 2011, Claimant protectively filed for disability

insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On November 15, 2012, an administrative hearing was held before Administrative Law Judge ("ALJ") John W. Belcher in Tulsa, Oklahoma. He issued an unfavorable decision on December 20, 2012. The Appeals Council denied review of the ALJ's decision on February 5, 2014. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform and light work with limitations.

## Errors Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to perform a proper evaluation at steps four and five of the sequential evaluation; (2) failing to properly evaluate the medical and non-medical source evidence; and (3) failing to perform a proper credibility determination.

4

**Step Four and Five Evaluations**

In his decision, the ALJ found Claimant suffered from the severe impairments of endometriosis, ovarian lesions, ovarian cysts, hysterectomy, irritable bowel syndrome, and affective disorder. (Tr. 19). The ALJ determined Claimant retained the RFC to perform light work. In so doing, the ALJ found Claimant was able to lift and carry 20 pounds occasionally and 10 pounds frequently, while pushing and pulling the same weights. Claimant could stand and/or walk six hours in an eight hour workday, sit for six to eight hours in an eight hour workday, all with normal breaks. Claimant could perform simple tasks and some complex tasks up to six steps but her contact with co-workers, supervisors, and the public should be limited to superficial. (Tr. 21).

After consulting with a vocational expert, the ALJ determined that Claimant could perform the representative jobs of cashier II, housekeeper, and electrical assembler, all of which the ALJ determined existed in sufficient numbers in both the regional and national economies. (Tr. 26). As a result, the ALJ determined Claimant was not under a disability from July 1, 2008 through the date of the decision. (Tr. 27).

Claimant contends the ALJ did not take her use of a cane into consideration in determining Claimant's RFC and the jobs she could perform at step four and five. The ALJ acknowledged that Claimant

testified that she "uses a cane to walk that was prescribed by her doctor two or three months ago." (Tr. 22). Claimant makes reference to a medical record from Dr. Raymond Sorenson which is undated but from the dates on the surrounding records was in all likelihood authored sometime shortly after August of 2012. Under the section of the form labeled "Meds", Dr. Sorenson made the notation "cane." (Tr. 725).

In the questioning of the vocational expert, the ALJ formulated a question which included the limitations contained in his RFC assessment of Claimant. (Tr. 67). The vocational expert identified the three light work jobs which found their way into the ALJ's decision as employment Claimant could perform. (Tr. 26, 68).

The ALJ then added further restrictions not contained in the RFC and asked a second hypothetical question. (Tr. 68). The vocational expert identified three sedentary jobs which could be performed under these additional restrictions - clerical mailer, table worker, and optical goods assembler. (Tr. 69). The ALJ then asked whether the use of a cane would affect the individual's ability to do these sedentary jobs, to which the vocational expert responded in the negative, stating the jobs were "mainly just sitting jobs. . . ." (Tr. 70).

Defendant suggests (1) a cane was never prescribed to Claimant; (2) Claimant's credibility was found wanting by the ALJ; and (3)

6

even if a cane were included in the RFC, the vocational expert testified that Claimant could still perform the sedentary jobs identified. On the first point, the medical record arguably indicates that a cane was prescribed for Claimant. If the ALJ had a question as to whether this were true given the reference in the record, he should have either re-contacted Dr. Sorenson or retained a consultative examiner to ascertain the need for the cane. 20 C.F.R. § 416.909a(2)(b)(duty to develop the record includes retaining a consultative source if there is "[a] conflict, inconsistency, ambiguity or insufficiency in the evidence must be resolved, and we are unable to do so by recontacting your medical source.").

Moreover, the ALJ's credibility analysis made it unclear whether he was rejecting Claimant's testimony concerning the use of a cane or her prescription for the assistive device. He merely challenged Claimant's statements "concerning the intensity, persistence, and limiting effects" of her various conditions. (Tr. 24). Instead, he concluded Claimant's testimony "is only considered partially true" and inconsistencies "reduced" Claimant's credibility. Id. Nothing specifically is referenced in the decision regarding a complete rejection for the necessity to use a cane or whether the device was prescribed. He must have at least found the use credible to have included the cane in the hypothetical

7

questioning of the vocational expert.

Defendant's attempt to buttress the actual findings in the decision with the testimony at the hearing falls short. If the ALJ intended to find Claimant could perform sedentary work, his conclusions regarding light work would be erroneous. The findings are entirely dependent upon the ALJ's conclusions on the necessity and prescription of a cane - a conclusion he did not expressly make in his decision. On remand, the ALJ shall consider whether Claimant needs a cane to ambulate, whether she was prescribed a cane as a required assistive device, and whether these findings affect his RFC evaluation and his ultimate findings at steps four and five.

**Evaluation of Medical and Non-Medical Sources**

Claimant also asserts the ALJ failed to explain the basis for rejecting the opinions of the non-examining, non-treating mental health reviewers on their evaluation of Claimant's activities of daily living while accepting their opinions in other contexts. In evaluating the severity of Claimant's mental impairments under the paragraph B criteria for determining whether Claimant met a listing, the ALJ concluded Claimant had a mild restriction in activities of daily living, moderate difficulties in social functioning, and moderate difficulties in concentration, persistence, or pace. (Tr. 20).

Claimant contends the ALJ failed to adopt the finding of the

state reviewer who concluded Claimant had a moderate limitation in activities of daily living. Dr. Carolyn Goodrich in a Psychiatric Review Technique dated August 30, 2011 did find a moderate limitation in activities of daily living, social functioning, and maintaining concentration, persistence, or pace. (Tr. 635).

Claimant fails to demonstrate how the ALJ's finding would have altered the conclusion that Claimant did not meet a listing, since the referenced listing 12.04 requires a finding of marked restriction in two of the four designated areas of performance. 20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.00C, 12.04. Nothing in the evidence suggests that Claimant meets this criteria. Any error attributed to this action by the ALJ is considered harmless.

Claimant also asserts the ALJ failed to consider "several letters" submitted by members of the community and family which supported her complaints. (Tr. 246-54). The decision does not expressly state these letters were considered in the formulation of the conclusions reached or that they were taken into consideration in assessing Claimant's credibility. These letters do occupy evidentiary status as an "other source" and should be considered on remand. The ALJ is not required to discuss the weight given to the opinions reflected in these sources but he must demonstrate in the decision that he considered them. Blea v. Barnhart, 466 F.3d 903, 914-15 (10th Cir. 2006). On remand, the ALJ shall consider the

evidence from these "other sources."

## Credibility Determination

Claimant also challenges the adequacy of the ALJ's credibility assessment. This Court has already called into question the inconsistencies in the ALJ's credibility evaluation concerning the use of a cane. He also failed to consider the lay witnesses' statements and the effect such statements may have upon bolstering Claimant's credibility.

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id.

Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a

board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3. It must be noted that the ALJ is not required to engage in a "formalistic factor-by-factor recitation of the evidence." Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000).

The ALJ shall re-evaluate Claimant's credibility in light of the findings made herein. On remand, he shall make the necessary affirmative link between the medical evidence and his findings on credibility.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED** for further proceedings consistent with this Opinion and Order.

IT IS SO ORDERED this 28th day of September, 2015.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE