# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

WENDY R. DAVENPORT, )
)
        Plaintiff, )
)
v. ) Case No. CIV-14-132-KEW
)
CAROLYN W. COLVIN, Acting )
Commissioner of Social )
Security Administration, )
)
        Defendant. )

## OPINION AND ORDER

This matter comes before the Court on Claimant's Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act (Docket Entry #30) and Claimant's Supplemental Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act (Docket Entry #33). By Order and Opinion entered September 28, 2015, this Court reversed the decision of the Commissioner to deny Claimant's applications for disability insurance benefits under Title II of the Social Security Act and for supplemental security income under Title XVI of the Social Security Act and remanded the case for further proceedings.

In the Motion, Claimant seeks attorney's fees for 37.70 hours of time expended by her attorney at the stipulated fee rate for a total request of $6,852.40 under the authority of the Equal Access to Justice Act ("EAJA"). Because Claimant filed a reply to the first Motion, she filed a supplemental fee motion seeking an additional $977.60 for 5.20 hours expended in preparing the reply. The Commissioner contests the award of EAJA fees, contending her

position in the underlying case was substantially justified.

EAJA provides that a prevailing party other than the United States shall be awarded fees and costs unless the court finds the position of the United States was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). With respect to EAJA applications in Social Security cases, Defendant has the burden of showing that her position was substantially justified. Hadden v. Bowen, 851 F.2d 1266, 1267 (10th Cir. 1988). Defendant must prove that, even if her position is incorrect, her case had a reasonable basis in law and in fact. Id. To establish substantial justification, Defendant must show that there is a genuine dispute and that reasonable people could differ concerning the propriety of a particular agency action. Pierce v. Underwood, 487 U.S. 552, 565 (1987). The government's "position can be justified even though it is not correct . . . and it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct . . ." Id. at 566 n.2.

Clearly, Claimant constituted the prevailing party in accordance with this Court's decision. The Commissioner contends that the ALJ's failure to make a finding as to whether Claimant was prescribed and required the use of a cane was harmless error. This Court determined that the Commissioner attempted to add to the ALJ's findings in order to justify his RFC conclusions, which were wholly dependent upon whether Claimant was prescribed and required

2

to use a cane.  Given the actual findings of the ALJ in his decision, this Court cannot conclude that the position taken by the Commissioner in this review was substantially justified.

IT IS THEREFORE ORDERED that Claimant's Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act (Docket Entry #30) and Claimant's Supplemental Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act (Docket Entry #33) are **GRANTED** and that the Government be ordered to pay Claimant's attorney's fees in the total amount of $7,830.00.  In accordance with the ruling of the Tenth Circuit Court of Appeals, the award shall be made to Plaintiff as the prevailing party and not directly to Plaintiff's counsel.  <u>Manning v. Astrue</u>, 510 F.3d 1246, 1255 (10th Cir. 2007); 28 U.S.C. § 2412(b).  In addition, should Plaintiff's counsel ultimately be awarded attorney's fees pursuant to 42 U.S.C. § 406(b)(1), counsel shall refund the smaller amount to Plaintiff.  <u>Weakley v. Bowen</u>, 803 F.2d 575, 580 (10th Cir. 1986).

IT IS SO ORDERED this 5th day of April, 2016.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE